UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AMANDA STEWART and <br> BRIAN BIEZINSKI, <br>    Plaintiffs, <br><br> v. <br><br> CONNALLY INDEPENDENT SCHOOL DISTRICT, real persons WESLEY HOLT, THURMAN BROWN, and JOHN SIMPSON, in their individual and official capacities, <br>    Defendants. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 6:23-cv-0332 |

### DEFENDANTS CONNALLY INDEPENDENT SCHOOL DISTRICT, WESLEY HOLT, AND THURMAN BROWN'S NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

NOW COME Defendants Connally Independent School District ("Connally ISD" or "the District"), Wesley Holt, and Thurman Brown (collectively "District Defendants"), and pursuant to 28 U.S.C. § 1441(c), files this Notice of Removal and in support shows the Court as follows:

### BASIS OF REMOVAL

1. Plaintiffs commenced this action against the District Defendants and Defendant John Simpson under Cause No. 2022-4213-4, in the 170th Judicial District Court, McLennan County, Texas on December 12, 2022. Defendants Connally ISD, Wesley Holt, and Thurman Brown timely file this Notice of Removal within thirty days of service on Defendants of Plaintiffs' Original Petition in which Plaintiff Stewart asserted claims under federal law.[1] The suit is brought under Title VII.

---

[1] Plaintiffs' Original Petition named the Connally ISD and three current or former individual District employees all in their individual and official capacities. Suits against employees in their official capacities are properly treated as claims against the entity itself, warranting dismissal. Texas and federal law demonstrate that inclusion of the individuals in their official capacities is

1

2.      Defendant Connally ISD states that this action is of a civil nature, and that the district courts of the United States have original jurisdiction to this action pursuant to the provisions of 28 U.S.C. § 1331. This civil action alleges claims under federal statutes and therefore may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(c).

3.      As is apparent on the face of Plaintiffs' Original Petition filed with the state district court on or about December 12, 2022, this action arises under the laws of the United States. Specifically, Plaintiff Stewart asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. (Plaintiffs' Original Petition, p. 1, ¶ 1; p. 6, Count I., ¶26). The Court has supplemental jurisdiction over any remaining state tort claims pursuant to 28 U.S.C. § 1367.

4.      An index of state court documents with the court's docket sheet and certified copies of the state court's file are attached hereto as Exhibit A to the Appendix to this notice of removal as required by 28 U.S.C. § 1446(a).

5.      In Plaintiffs' Original Petition, Plaintiff Biezinski asserts a state law tort cause of action against Superintendent Holt and Principal Brown. In addition to the right to dismissal for claims

---

redundant of the suit against the District. *Garrett v. Ruffin*, Civ. Action No. SA-06-CA-0174 OG (NN), 2006 WL 1805699 (S.D. Tex. June 27, 2006); *McCall v. Dallas ISD*, 2001 WL 1335853 (N.D. Tex. Oct. 25, 2001); see also *Jathanna v. Spring Branch Indep. Sch. Dist.*, No. CIV.A. H-12-1047, 2012 WL 6096675, at *4 (S.D. Tex. Dec. 7, 2012) (finding inclusion of the board of trustees in addition to the school district both redundant and improper). Claims against employees "in [their] official capacity are redundant and unnecessary because any disputed issues that must be resolved in conjunction with the official capacity claims are the same as those requiring resolution in the claims against the school district." *Doe v. Rains Independent School District*, 865 F. Supp. 375, 378 (E. D. Tex. 1994), rev'd on other grounds, 66 F.3d 1402 (5th Cir. 1995) and 76 F.3d 666 (5th Cir. 1996), *citing Doe v. Douglas County School District Re-1*, 775 F. Supp. 1414, 1416-17 (D. Colo. 1991). An official-capacity suit is no different than a suit against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also City of Dallas v. England*, 846 S.W.2d 957, 959 (Tex. App.—Austin 1993, writ dism'd w.o.j.). Actions for damages against a party in his official capacity are the same as actions against the governmental entity of which the officer is an agent. *Familias Unidas v. Briscoe*, 619 F.2d 391, 403 (5th Cir. 1980), *citing Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978).

against them in their official capacities, as set out above, these employees enjoy professional statutory immunity and common law official immunity. TEX. EDUC. CODE § 22.0511; *Chapman v. Gonzales*, 824 S.W.2d 685, 687 (Tex. App.—Houston [14th Dist.] 1992, writ ref'd.). As such, Plaintiff has no pleadings to support a legitimate or viable state law claim against Holt or Brown. Nevertheless, as stated, this Court has supplemental jurisdiction to resolve such claims.

6.     Defendant Connally ISD will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## NO JURY DEMAND

7.     Based on the failure to request a jury, or file the required fee, Plaintiff has failed to request a jury trial.

Respectfully submitted,

By:     */s/ Todd A. Clark*
TODD A. CLARK
State Bar No. 04298850
WALSH GALLEGOS TREVIÑO
 KYLE & ROBINSON P.C.
505 E. Huntland Drive, Suite 600
Austin, Texas 78752
Telephone: (512) 454-6864
Facsimile: (512) 467-9318
tclark@wabsa.com

ATTORNEYS FOR DEFENDANTS
CONNALLY INDEPENDENT
SCHOOL DISTRICT, WESLEY HOLT,
AND THURMAN BROWN

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of May, 2023, the above and foregoing pleading was electronically filed with the Clerk of Court, and a true and correct copy was served upon Plaintiff's counsel as follows:

Mr. Raymond L. Sanders        *Via Certified Mail*
215 W. State Street              *and Email: raymond.sanders454@yahoo.com*
Groesbeck, Texas 76642

                                        */s/ Todd A. Clark*
                                        Todd A. Clark