UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AMANDA STEWART & <br> BRIAN BIEZENSKI <br>            **Plaintiffs,** <br> <br> v. <br> <br> CONNALY INDEPENDENT <br> SCHOOL DISTRICT <br>            **Defendant.** | § <br> § <br> § <br> § <br> § <br> §   **CIVIL ACTION NO. 6:23-CV-0332** <br> § <br> § <br> § |

**PLAINTIFFS' FIRST AMENDED PETITION**

**TO THE HOROABLE JUDGE OF SAID COURT:**

    **NOW COMES** AMANDA STEWART and BRIAN BIEZENSKI, hereinafter called Plaintiffs, complaining of and about CONNALLY INDEPENDENT SCHOOL DISTRICT, Defendant, and for cause of action shows unto the Court the following:

**JURISDICTION**

1. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. Notice of Right to Sue letter from the Equal Employment Opportunity Commission for both Plaintiffs are attached as Exhibits A-B.

2. In determining whether state courts are allowed to entertain jurisdiction over federally created causes of action, the Supreme Court has applied a presumption of concurrency. *See, e.g.*, *Robb v. Connolly,* 111 U.S. 624 (1884); *Claflin v. Houseman,* 93 U.S.130, 136 (1876); *see generally* Martin H. Redish & John Muench, *Adjudication of Federal Causes of Action in State Court*, 75 Mich. L. Rev. 311 (1976). Under this presumption, state courts may exercise jurisdiction over federally created causes of action as long as Congress has not explicitly or

1

implicitly made federal court jurisdiction exclusive. *Yellow Freight System, Incorporated v. Donnelly*, 494 U.S. 820, 822 (1990). Congress may, of course, expressly permit state courts to entertain certain federal claims. State courts are authorized to hear claims arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b), the Equal Pay Act, 29 U.S.C. § 206, the Age Discrimination in Employment Act, 29 U.S.C. § 626(c)(1), and Title VIII actions involving housing discrimination, 42 U.S.C. § 3613(a). State courts have concurrent jurisdiction over Title VII claims. *Yellow Freight System, Incorporated,* 494 U.S. at 820.

## VENUE

3.  Venue is proper in the United States District Court, Western District of Texas under 28 U.S.C. § 1391.

## PARTIES AND SERVICE

4.  Plaintiff, AMANDA STEWART resides in Limestone County, Texas. The last three numbers of AMANDA STEWART's driver's license number are TX *****428. The last three numbers of AMANDA STEWART's Social Security number are ***-**-*___. At all times relevant to this action, AMANDA STEWART was a teacher working at CONNALLY INDEPENDENT SCHOOL DISTRICT in Waco, Texas —a public school, a citizen of the United States, and a person entitled to the protection of the Education Amendments of 1972 as amended and the Civil Rights Restoration Act of 1987.

5.  Plaintiff, BRIAN BIEZENSKI resides in McLennan County, Texas. The last three numbers of BRIAN BIEZENSKI's driver's license number are TX *****278. The last three numbers of BRIAN BIEZENSKI's Social Security number are ***-**-*___. At all times relevant to this action, BRIAN BIEZENSKI's was the Vice Principal at Connally Junior High School, working at CONNALLY INDEPENDCNT SCHOOL DISTRICT in Waco, Texas —a

public school, a citizen of the United States, and a person entitled to the protection of the Education Amendments of 1972 as amended and the Civil Rights Restoration Act of 1987.

6.   Defendant CONNALLY INDEPENDENT SCHOOL DISTRICT controls and manages the public-school defendant in Waco, Texas.   No service on Defendant is necessary at this time.

7.   Defendant CONNALLY INDEPENDENT SCHOOL DISTRICT is duly organized and existing under the laws of the State of Texas and receives federal financial assistance for its public education program. The defendant school district was deliberately indifferent to the safety of women when it hired John Simpson. Once John Simpson was hired by, the Defendant school district's ratification of conduct and failure to respond to Plaintiffs' complaints or stop such harassment despite their duty to do so and despite Plaintiffs' request and pleas, created an intimidating, hostile, offensive, and abusive school environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq.   No service on Defendant is necessary at this time.

## FACTUAL ALLEGATIONS

8.   John Simpson was fired from Corsicana ISD as Assistant Principal for engaging in inappropriate sexual conduct with a female student. After that he was hired by Ennis ISD where once again, he was fired for engaging in inappropriate sexual conduct with a student and for having an affair with another school administrator.

9.   John Simpson's teaching certification was suspended for one year and was reinstated in 2017.

10.   After his teaching certification was reinstated, John Simpson signed a contract to teach at Mexia ISD but shortly thereafter Mexia ISD asked him to resign, and the district paid him for the

full year as severance but did not allow him to continue teaching. He then went to work at Connally ISD.

11. In May of 2018, an educator by the name of Stephanie Gober who worked as a counselor at Connally Junior High, reported to Larry Cumby, the Human Resource Director at Connally ISD, that John Simpson had been sending her inappropriate messages. Stephanie Gober resigned her position at Connally ISD and went to work at Whitney ISD.

12. In May of 2018, John Simpson began sending nude pictures of himself and his wife to AMANDA STEWART. And although AMANDA STEWART sent John Simpson a message and asked him to stop, the messages continued. At one point John Simpson sent a very graphic video to AMANDA STEWART of him and his wife having sex.

13. On May 22, 2018, BRIAN BIEZENSKI went to the principal, Thurman Brown, and reported the sexual harassment complaints about John Simpson that he received from AMANDA STEWART and other faculty members. BRIAN BIEZENSKI recorded this conversation on his phone.

14. On May 23, 2018, BRIAN BIEZENSKI sent an email to THURMAN BROWN documenting the substance of the meeting.

15. On May 24, 2018, BRIAN BIEZENSKI was placed on administrative leave and escorted out of the building by campus police as retaliation for reporting the sexual harassment of AMANDA STEWART.

16. When the 2018- 2019 school year resumed in the fall, so did the sexual harassment of AMANDA STEWART by JOHN SIMPSON, who was now in his new role as Vice Principal making him Plaintiff AMANDA STEWART'S immediate supervisor. The inappropriate messages continued along with the graphic and sexually explicit pictures.

17. On November 1, 2018, JOHN SIMPSON came to AMANDA STEWART's class while lessons were in progress and began sending nude pictures and inappropriate messages while AMANDA STEWART was trying to teach class.

18. On November 2, 2018, JOHN SIMPSON asked AMANDA STEWART to come to the bathroom with him.

19. In December 2018, AMANDA STEWART'S 14 plus year relationship with her boyfriend ended as a result of this whole ordeal she endured at Connally ISD Junior High School.

20. Both Plaintiffs AMANDA STEWART and BRIAN BIEZENSKI have suffered, and will continue to suffer, serious mental health problems, including but not limited to, depression, fear, anxieties, inability to function normally in social situations, both in relationships with adults and relationship with peers.

21. As a proximate result of these acts of the Defendant, Plaintiffs AMANDA STEWART and BRIAN BIEZENSKI are in need of treatment for the mental health issues and medical issues they have suffered and will continue to suffer, and they seek damages in the form of cost for these expenses now and in the future, and general damages in an amount that has not been ascertained and that will be proven at trial.

22. The conduct of the individual Defendant was an intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff AMANDA STEWART and BRIAN BIEZENSKI and constitute despicable conduct, and by reason thereof, Plaintiff AMANDA STEWART and BRIAN BIEZENSKI demands exemplary or punitive damages against the Defendant, in an amount appropriate to punish or make an example of them.

23.

## COUNT I.

### Sex Discrimination Pursuant to Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17

24.     Plaintiff AMANDA STEWART realleges and incorporates by reference 1 through 24. Defendant intentionally, willfully and without justification acted to deprive Plaintiff on the grounds of her sex, of her rights, privileges and immunities secured by the laws of the United States, particularly her right to be free from discrimination in education on the grounds of her sex as provided by Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17.

25.     The entity Defendant, despite knowledge and adequate opportunity to learn of the misconduct of their agents and employees, adopted, approved, and ratified these acts, omissions, and misconduct of Defendant.

    WHEREFORE, Plaintiffs pray for relief as after set forth.

## COUNT II
### Sex Discrimination Pursuant to Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17

26.     Plaintiff BRIAN BIEZENSKI realleges and incorporates by reference 1 through 24. Defendants intentionally, willfully and without justification retaliated against him for reporting to his supervisor that AMANDA STEWART was deprived on the grounds of her sex, of her rights, privileges and immunities secured by the laws of the United States, particularly her right to be free from discrimination in education on the grounds of her sex as provided by Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17.

27.     The entity Defendant, despite knowledge and adequate opportunity to learn of the misconduct of their agents and employees, adopted, approved, and ratified these acts, omissions, and misconduct of Defendant.

WHEREFORE, Plaintiffs pray for relief as after set forth.

## CLAIM FOR RELIEF ON ALL COUNTS

28.     Statutory damages allowed under VII;

29.     For costs of suit, including reasonable attorney fees; and

30.     For such other and further relief as the court may deem proper in the premises, including but not limited to injunctive relief and court to prevent further and other conduct as alleged.

Respectfully submitted,

/s/ Raymond L. Sanders
RAYMOND L. SANDERS
State Bar No. 24105144
215 W. State Street
Groesbeck, Texas 76642
Tel: (254) 729-5001
Fax: (800) 747-1301
raymond.sanders454@yahoo.com

ATTORNEY FOR PLAINTIFFS
AMANDA STEWART and BRIAN BIEZENSKI

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record on May 31, 2023, via the Court's CM/ECF electronic service system.

/s/ Raymond L. Sanders
RAYMOND L. SANDERS

7

EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/13/2022

**To:** Ms. Amanda Stewart
110 Rocky Creek Ave
Groesbeck, TX 76642
Charge No: 450-2019-02098

EEOC Representative and email:   Dennis Guzman
EEO Investigator
dennis.guzman@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2019-02098.

On behalf of the Commission,

Dennis Guzman *(Digitally signed by Dennis Guzman Date: 2022.09.13 12:26:17 -05'00')* for

Travis M. Nicholson
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/13/2022

To: Mr. Brian Biezenski
103 Adrian Drive
Robinson, TX 76706
Charge No: 450-2019-02097

EEOC Representative and email:   Dennis Guzman
EEO Investigator
dennis.guzman@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2019-02097.

On behalf of the Commission,

Dennis Guzman
Digitally signed by Dennis Guzman
Date: 2022.09.13 13:09:43 -05'00'
for

Travis M. Nicholson
District Director